<hr/>

NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1884.

ANDREWS *v.* GOODRICH.

*In the matter of the estate of* JOHN W. SCHMIDT, *deceased.*

The doctrine reasserted that, as regards the mode of computing commissions of testamentary trustees, the principal and income of the trust estate are to be treated as one fund, and that, where trustees have already received the statutory allowance of five per cent. upon one thousand dollars, and two and one half per cent. upon nine thousand, one per cent. must thenceforward be the full measure of their compensation.

Slosson v. Naylor, 2 *Dem.*, 257—followed; Hancox v. Meeker, 95 *N. Y.*, 528—distinguished, and commented upon at length.

The only matter determined in Hancox v. Meeker (95 *N. Y.*, 528) declared to be—that the right of a testamentary trustee to make periodical rests in his accounts, and at such times, even without presenting such accounts for settlement, to withhold his lawful commissions, is not limited to cases where by statute, or by general rule, or special order of

court, such periodical rests are required or permitted, but extends, also, to cases where, by the direction of his testator's will, or for the proper administration of his testator's estate, he is required to, and does, make periodical payments.

HEARING of objections filed by Emily S. Andrews, a daughter of decedent, and a legatee named in his will, to the account of Ella D. Goodrich, sole surviving executrix of, and trustee under the will, in proceedings for judicial settlement. The facts are stated in the opinion.

BARTLETT, WILSON & HAYDEN, *for objector*.

CRANE & LOCKWOOD, *for executrix*.

THOMAS HAVILAND, *special guardian*.

THE SURROGATE.—In Slosson v. Naylor (2 *Dem.*, 257), a proceeding wherein testamentary trustees were accounting before the Surrogate under circumstances somewhat similar to those that here appear, I decided that, as regarded the mode of computing commissions, the principal and income of the estate should be treated as one fund, and that, as the trustees had been allowed, upon a previous accounting, five per cent. upon one thousand dollars, and two and one half per cent. upon nine thousand dollars, one per cent. must thenceforward be the full measure of their compensation. This doctrine is claimed, by counsel for the accounting party in the case at bar, to have been disapproved by the Court of Appeals, MILLER, J., pronouncing its opinion, in Hancox v. Meeker (95 *N. Y.*, 528).

I have carefully examined the evidence in that

case, the will there under review, the account of the trustees, the briefs of counsel and the decision itself. As a result, I am convinced that the Court of Appeals did not determine the question here at issue, and cannot fairly be claimed to have expressed or intimated an opinion concerning it; and that, therefore, certain detached phrases which have been quoted from the language of MILLER, J., as decisive of that question, should not be regarded as authoritative.

In Hancox v. Meeker, the trustees annually, at the time of paying to the various *cestuis que trust* their respective shares of income, retained certain sums by way of commissions. Years elapsed before their first accounting. At such accounting, it was claimed, in their behalf, that their several retentions of the amounts withheld should be sanctioned by the Surrogate as just and proper at the time of such retentions respectively. The contestant, on the other hand, objected " to all the items in said account charged as commissions to the executors," upon the ground that they were unlawfully charged, and could not be allowed " until a final settlement of the account."

A referee, to whom the accounts were submitted, having overruled this objection, the contestant excepted, partly upon the ground that no commissions could be allowed, until a final settlement, " and also because said executors had improperly and unlawfully made annual rests, in each year, in the month of April, since the death of the testator, no account having ever been rendered prior to the present one, and in each of said rests he has charged the full com-

mission allowed by law for a single accounting—to wit: at the rate of five, two and one half, and one per cent., respectively." In support of this complaint, that the accounting party had annually deducted commissions at the rate of five, two and one half, and one per cent., there was no evidence whatever, nor was there any pretence of evidence. This was substantially admitted in the brief of appellant's counsel; indeed, the fact that commissions had not been calculated at those rates is apparent from an examination of the account itself. The executors had never received commissions upon the principal of the estate, or upon any part thereof, and it does not appear that, at any one of their so called "annual rests," the entire sum theretofore retained by them as commissions amounted to so much as five per cent. upon the first $1,000, two and one half per cent. upon the next $9,000, and one per cent. upon the balance of the aggregate amount of all income that, up to that time, they had received and paid out. It is evidently in recognition of this state of things that, at page 538 of his opinion, Judge Miller says: "The trustees retained no commissions on the principal, and it is not made to appear that the amount retained exceeded the amount of their legal commissions, or was in any respect illegal. It is claimed that the amount retained was less than that to which they were entitled, and the contrary is not established." Now, it is evident, from what has been stated already, that, as regards the rate of commissions allowable to trustees upon income that they receive and distribute, no question was before the court in Hancox v. Meeker.

The parties there accounting had, for several years, without judicial sanction but with the knowledge and consent of the *cestuis que trust*, kept for themselves a certain share of the annual income of their testator's estate, as and for their commissions.   Their action in this regard had been disapproved by the General Term of the Supreme Court, which had held, upon appeal, that "charges for commissions must be deferred until the final settlement of the accounts."   It was with the correctness of that proposition and of that proposition only, that, so far as relates to the matter of commissions, the Court of Appeals concerned itself, in deciding Hancox v. Meeker.   And it seems to me that the only matter there determined is this:—that the right of a testamentary trustee to make periodical rests in his accounts, and, at such times, even without presenting such accounts for settlement, to withhold his lawful commissions, is not limited to cases where, by statute, or by general rule, or special order of court, such periodical rests are required or permitted, but extends also, to cases, where by the direction of his testator's will or for the proper administration of his testator's estate, he is required to make and does make periodical payments.

It has not escaped my notice that, in thus enlarging the sphere in which executors and trustees are allowed, in advance of a formal accounting, to retain their commissions, the Court of Appeals has approvingly referred to certain reported cases where the retention or allowance, at stated periods, of full commissions (that is, of commissions at the rate of five,

two and one half, and one per cent.) seems to have been sanctioned.  But to one who keeps in mind the matters really in controversy, in Hancox v. Meeker, it is evident that, in citing and criticising the various decisions upon which comment is there made, it was simply the purpose of the court to justify the action of the accounting trustees in annually withholding commissions upon income received and distributed; it was not its intention to determine the mode of computing such commissions, nor even, as it seems to me, to intimate an opinion *obiter* upon that subject. I must, therefore, in the case at bar, adhere to the rule laid down in Slosson v. Naylor (*supra*).  This I do with the less hesitation because, in other particulars than have yet been specified, the facts here appearing widely differ from those presented in Hancox v. Meeker.

1*st*. As already stated, the trustees had not, in the latter case, received or demanded any commissions upon the *corpus* of the estate; and had apparently retained no more than five, two and one half, and one per cent. upon the aggregate income.

2*d*. There had been accountings out of court between the parties in interest, and the commissions in dispute had been retained by the trustees with the consent of all the beneficiaries, the contestant not excepted.

Giving the decision of the Court of Appeals, therefore, the broadest and most comprehensive effect which can, in any view, be claimed for it, it cannot fairly be regarded as decisive of the matter here in dispute.  But for the non-receipt, by the accounting

trustees, of commissions on the *corpus*, their annual settlements with the parties beneficiary, and their unopposed retention, at such times, of their compensation, the court might very likely have reached a different conclusion from that which I am asked to accept as decisive of the case at bar.